CLERKS COPY

FILED
AT ALBUQUERQUE NM
AUG 1 0 1999
ROBERT M. MARCH
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SHERWOOD BOYER,

    Petitioner,

vs.                                           No. CIV-97-593 MV/DJS

RONALD LYTLE,

    Respondent.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court to consider a letter from Petitioner, filed July 26, 1999 [Doc. 16]. The Court construes this letter as a motion to reopen time to file an appeal, pursuant to Fed.R.App.Proc. 4(a)(6). Having considered the motion and relevant law, the Court finds that the motion is not well taken and will be **DENIED**, as explained below.

Petitioner, proceedings *pro se*, initiated this habeas petition on April 28, 1997. The Magistrate Judge's Proposed Findings and Recommended Disposition were filed on August 19, 1997, and Petitioner filed objections to the recommended disposition on September 12, 1997. By order and judgement filed October 15, 1997, the Court adopted the recommended disposition, dismissing Petitioner's § 2254 petition and this action. Near that time, Petitioner was transferred to a different facility, as evidenced by a notice of change of address filed with the Court on December 1, 1997.

On July 6, 1999, almost two years after entry of judgment, Petitioner wrote the Court inquiring as to the status of his case. In a letter dated July 13, 1999, the Clerk of the Court informed



Petitioner that his case had been terminated on October 15, 1997. On July 26, 1999, the Court received the letter currently pending for consideration. In this letter, dated July 21, 1999, Petitioner states that he "never received that Dismissal order," and requests a copy. Petitioner continues, "I also suspect that the time for proceeding with this action to a higher court has long since expired. Therefore, I would also request permission to proceed with my case to the next level." Petitioner thus effectively requests additional time to file a notice of appeal in this matter.

"A motion to extend the deadline for filing an appeal based on the alleged failure of the Clerk of the Court to send the moving party a copy of a judgment or order is . . . specifically governed by" Federal Rule of Civil Procedure 77(d) and Federal Rule of Appellate Procedure 4(a)(6). *Garner v. Klein*, 882 F.Supp. 66, 67 (S.D. NY 1995); *Benavides v. Bureau of Prisons*, 79 F.3d 1211, 1213 (D.C. Cir. 1996). Rule 77(d) provides, in pertinent part: "[l]ack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 4(a) of the Federal Rules of Appellate Procedure." Fed.R.Civ.Proc. 77(d). Appellate Rule 4(a)(6) provides that "the district court may reopen the time to file an appeal . . . but only if all the following conditions are satisfied:"

> (a) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice of the entry, whichever is earlier;
>
> (b) the court finds that the moving party was entitled to notice of the entry of the judgment or order sought to be appealed but did not receive the notice from the district court or any party within 21 days after entry; and
>
> (c) the court finds that no party would be prejudiced.

Fed.R.App.Proc. 4(a)(6); *see also Benavides*, 79 F.3d at 1213; *Garner*, 882 F.Supp. at 67.

Petitioner's difficulty in the present case stems from the first requirement, that the motion to reopen be filed within 180 days of the entry of judgment or seven days after notice of the judgment to the moving party, "*whichever is earlier.*" "As pointed out in the advisory committee notes that accompany the 1991 amendment," the effect of these last three words is to establish "an outer time limit of 180 days for a party who fails to receive timely notice of entry of a judgment to seek additional time to appeal." *Garner*, 882 F.Supp. at 67-68 (quoting Advisory Committee Notes to 1991 Amendments to Federal Rules of Appellate Procedure). In the present case, notice of judgement was mailed to Petitioner on July 13, 1999. Allowing time for him to have received the notice via mail– including inevitable delays in the delivery of mail in a prison– Petitioner appears to have filed his motion within seven days of receiving notice of the judgment. However, Petitioner filed his motion well outside the 180 time limit. The 180 day time limit clearly bars Petitioners motion at this time, even though he did not receive actual notice of the entry of judgment until after the time period had passed. *Zimmer St. Louis, Inc. v. Zimmer Co.*, 32 F.3d 357, 359 (8th Cir.1994); *Garner*, 882 F.Supp. at 67-68.

Nor may this Court circumvent this rule by construing Petitioner's letter as a motion to amend judgement pursuant to Federal Rule of Civil Procedure 60(b)(6). *Id.* As the Eight Circuit recently observed, "the plain language of both Fed.R.App.P. 4(a)(6) and Fed.R.Civ.P. 77(d) addresses specifically the problem of lack of notice of a final judgment. That specificity, in our view, precludes the use of Fed.R.Civ.P. 60(b)(6) to cure problems of lack of notice. Since that language also delineates a specific period during which the period for appeal may be reopened, moreover, we conclude that the district courts no longer have the discretion to grant motions to reopen the period

3

for appeal that are filed outside that specific period, even if the appellant does not receive notice until that period has expired. " *Id.* (citing D. Siegel, The Recent Changes, 142 F.R.D. at 378).

Accordingly, although the Court believes it would be in the interest of justice to grant Petitioner's motion and reopen the time for filing an appeal, the Court is constrained by the plain language of Appellate Rule 4(a)(6). Petitioner may however appeal this ruling to the Tenth Circuit Court of Appeals.

**IT IS THEREFORE ORDERED** that Petitioner's request to reopen the time for filing of an appeal, contained in his letter to the Court, filed July 26, 1999 [**Doc. 16**] is hereby **DENIED**.

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE